LEDA M. POJMAN
Senior Assistant Attorney General
Office of Attorney General; Criminal Division
123 State Capitol Building
Cheyenne, WY 82002
Telephone (307) 777-7977
Facsimile (307) 777-5034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JOSEPH LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 11-CV-183-J |
| | ) | |
| ROBERT O. LAMPERT, Director, Wyoming | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

Respondent, by and through the Office of the Wyoming Attorney General, submits this brief in support of Respondent's motion for summary judgment, filed contemporaneously herewith, on Petitioner Joseph Lopez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

## FACTS AND PROCEDURAL HISTORY

On August 25, 2008, Mr. Lopez pled guilty to one count of felony burglary, in violation of Wyo. Stat. Ann. § 6-3-301(a), in the Wyoming District Court for the Second Judicial District, Carbon County.  (Resp't Ex. A, Sentencing Order).  The trial court sentenced Mr. Lopez to serve not less than three years nor more than five years imprisonment but suspended that sentence in favor of three years of supervised probation.  (Id.).  The trial court also ordered Mr. Lopez to serve 180 days in the Carbon County Detention Center on "a split sentence," with credit for 192 days of presentence confinement.  (Id.).  On January 15, 2009, the trial court revoked Mr. Lopez's probation and ordered him to serve a reduced term of incarceration of not less than two years nor more than four years, with credit for 238 days presentence confinement.  (Resp't Ex. B, Disposition on Probation Revocation).

The Wyoming Board of Parole (the Board) granted Mr. Lopez parole on July 7, 2010, and he was released on parole on August 30, 2010.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachments 5, 8).  In January of 2011, Mr. Lopez violated his parole by consuming methamphetamine and cocaine; being terminated from the substance abuse treatment program; failing to complete a new addiction severity index;  entering a bar,

and associating with a convicted felon without approval.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachments 3, 8).   On February 4, 2011, the Board granted Mr. Lopez 79 days of "good time" off his maximum sentence.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachment 2).

On February 10, 2011, Mr. Lopez's parole agent filed a petition for a preliminary hearing to determine whether probable cause existed to support the allegations of parole violations outlined above, and a preliminary hearing was set for February 17.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachments 3, 4).   On February 11, Mr. Lopez signed the "acceptance of delivery of notice of hearing" wherein he acknowledged he received notice of his hearing and his rights involving the preliminary hearing.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachment 4).   During the February 17 preliminary hearing, the hearing officer found probable cause existed to support the allegations of parole violations.   (Resp't Ex. C, Affidavit of Joanne Struebing, Attachment 5).

On March 2, 2011, Mr. Lopez signed the "waiver for final revocation," admitting four of the five alleged parole violations and acknowledging he understood his rights. (Resp't Ex. C, Affidavit of Joanne Struebing, Attachments 6, 8).   Mr. Lopez was then

arrested on March 14, 2011.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachments 7, 8, 10).

On April 4, 2011, Mr. Lopez appeared before the Board of Parole on the petition for parole revocation.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachment 8). The Board found that Mr. Lopez violated his parole by consuming methamphetamine and cocaine; being terminated from the substance abuse treatment program for non-compliance; failing to complete a new addiction severity index; entering a bar, and associating with a known felon.  (Id.).  The Board revoked Mr. Lopez's parole and did not credit him with 196 days of "street time" for the time he spent released on parole from August 30, 2010, to March 14, 2011, the day he was arrested.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachments 8, 9, 10).  The Board also removed the 79 days of parole "good time" it had previously awarded Petitioner.   (Id.).

Mr. Lopez is currently incarcerated at the Wyoming Medium Correctional Institution in Torrington, Wyoming, and he now challenges his sentence pursuant to 28 U.S.C. § 2241(c)(3), alleging that his confinement is illegal because the Board of Parole did not credit him 196 days of "street time."  He contends that failure to credit his sentence with "street time" unconstitutionally extends his incarceration by 196 days in

violation of the Due Process, Equal Protection, Ex Post Facto, and Double Jeopardy Clauses of the United States Constitution.

## DISCUSSION

**A.    28 U.S.C. § 2241.**

This Court may not grant habeas corpus relief to an inmate pursuant to 28 U.S.C. § 2241 unless:

> (1)    He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2)    He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3)    He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4)    He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5)    It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).  The only provision of Section 2241(c) that could possibly apply

here is paragraph (3).   Thus, Mr. Lopez is not entitled to relief pursuant to paragraph (3)

unless he can show he is in custody in violation of the Constitution or laws of the United

States.   He does not allege he is in custody in violation of a treaty.

**B.      Summary Judgment Standard.**

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is available

if "the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."   This Court has explained that it

evaluates summary judgment motions in habeas corpus cases the same way it evaluates

such motions in other contexts:

> In considering a party's motion for summary judgment, the court
> must examine all evidence in the light most favorable to the nonmoving
> party.  Barber v. General Elec. Co., 648 F.2d 1272, 1276 n. 1 (10th Cir.
> 1981).   Summary judgment is proper only when "there is no genuine issue
> as to any material fact and . . . the moving party is entitled to a judgment as
> a matter of law."   Fed.R.Civ.P 56(c).   Under this rule, the initial burden is
> on the moving party to show the court "that there is an absence of evidence
> to support the nonmoving party 's case."   Celotex Corp. v. Catrett, 477
> U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265] (1986).   The moving party's
> burden may be met when that party identifies those portions of the record
> which demonstrate the absence of a genuine issue of material fact.   Id. at
> 323 [106 S.Ct. at 2552].
>
> Once the moving party has met these requirements, the burden shifts
> to the party resisting the motion.   The nonmoving party must "make a
> showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u> at 322 [106 S.Ct. at 2552]; *see also* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. <u>Anderson</u>, 477 U.S. at 248 [106 S.Ct. at 2510]. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. <u>Id.</u> at 251 [106 S.Ct. at 2511].

<u>Osborn v. Shillinger</u>, 803 F.Supp. 371, 373 (D.Wyo. 1992), *aff'd*, 997 F.2d 1324 (10th Cir. 1993), (<u>quoting</u> <u>Manders v. Okl. ex rel. Dept. of Mental Health</u>, 875 F.2d 263, 265 (10th Cir. 1989)).

**C.     Mr. Lopez's custody does not violate the Constitution, laws, or treaties of the United States.**

As noted above, Mr. Lopez claims that the Board's failure to credit him 196 days of "street time" extended his incarceration by 196 days. He contends this violated his constitutional right to due process and equal protection and that it violated the prohibition against the application of ex post facto laws and against double jeopardy.

**(1)    Mr. Lopez's custody does not violate Due Process.**

Mr. Lopez's due process claim requires him to show that he was deprived of a constitutionally protected liberty or property interest.   <u>Boutwell v. Keating</u>, 399 F.3d 1203, 1211 (10th Cir. 2005).  Whether a Wyoming parolee is entitled to "street time" credit is addressed in Wyo. Stat. Ann. § 7-13-404:

> In computing the remainder of the sentence to be served by a parole violator, no credit shall be given against his original sentence for any portion of the time between his release on parole and his return to the institution unless the board directs otherwise.

This statute unambiguously creates a presumption against awarding "street time" unless the Board affirmatively awards it; thus, no mandatory statutory language creates an expectation that a parolee will receive credit for "street time."   Indeed, the Wyoming Supreme Court has found that this statute is dispositive of the "street time" issue and that the statues does not violate due process.  <u>Heffernan v. State</u>, 824 P.2d 1271, 1272-73 (Wyo. 1992).  Furthermore, in <u>Thompson v. Cockrell</u>, 263 F.3d 423, 426 (5th Cir. 2001), the Fifth Circuit Court of Appeals stated there is no federal constitutional right to receive "street credit."    Thus, "street credit" is a matter of state law to which federal habeas corpus proceedings are simply inapplicable.

**(2)**      **Mr. Lopez's custody does not violate Equal Protection.**

Mr. Lopez's equal protection claim requires him to show that the challenged governmental action implicates a fundamental right or a protected class of persons. Price-Cornelison v. Brooks, 524 F.3d 1103, 1110 (10th Cir. 2008).   Unless a challenged government action either burdens a fundamental right or targets a protected class, it satisfies the Equal Protection Clause so long as it bears a rational relation to some legitimate governmental purpose.   Id.   With respect to determining suspect classifications, the Tenth Circuit has stated:

> [C]ourts traditionally look to see if the classification is "based on characteristics beyond an individual's control," *id.,* and whether the class is "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 28, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

Save Palisade FruitLands v. Todd, 279 F.3d 1204, 1210 (10th Cir.).

First, Mr. Lopez has not demonstrated, or even contended, that the Board's actions involve a suspect classification or that he is a member of a suspect class.   Furthermore, the standard articulated in Save Palisade FruitLands shows he is not a member of a suspect class.   Second, the statute does not burden a fundamental right; rather, in

Wyoming a parolee is not entitled to "street credit" unless the Board directs otherwise. Thus, the rational basis test applies. That test is satisfied here because the statute is rationally related to the legitimate governmental purpose of encouraging parolees to comply with the terms of their parole and to ensure parolees are not rewarded for violating the terms of their parole.

**(3)    Mr. Lopez's custody does not violate Ex Post Facto and Double Jeopardy.**

The Ex Post Facto Clause does not apply to Mr. Lopez's complaint because the statute does not retroactively alter the definition of criminal conduct or retroactively increase the punishment for a crime. Lynce v. Mathis, 519 U.S. 433, 441 (1997). The Wyoming Legislature enacted Wyo. Stat. Ann. § 7-13-404 in 1947, years before Mr. Lopez was sentenced and years before his parole violations. Additionally, in January 2009, Mr. Lopez's probation was revoked and the trial court sentenced him to serve a reduced term of incarceration of not less than two years nor more than four years, with credit for 238 days presentence confinement. (Resp't Ex. B, Disposition on Probation Revocation). As determined by the Wyoming Department of Corrections, Mr. Lopez

will complete his full maximum sentence on December 7, 2012.[1]  Thus, Mr. Lopez will not serve more time incarcerated than his maximum sentence.

Next, the Double Jeopardy Clause does not apply to Mr. Lopez's complaint because parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause.  Kell v. United States Parole Comm'n, 26 F.3d 1016, 1020 (10th Cir. 1994).

## CONCLUSION

There is no genuine issue as to any material facts and Respondent is entitled to judgment as a matter of law.  Therefore, this Court should issue an order granting summary judgment in favor of Respondent, denying relief to Mr. Lopez, and dismissing the Petition.

---

[1]        As noted by Petitioner, his earliest projected maximum discharge date is November 12, 2011.  (Resp't Ex. C, Affidavit of Joanne Struebing, Attachment 9).

DATED this 21st day of September, 2011.

/s/Leda M. Pojman_____
LEDA M. POJMAN
Senior Assistant Attorney General
Office of Attorney General; Criminal Division
123 State Capitol Building
Cheyenne, Wyoming   82002
Telephone (307) 777-7977
Facsimile (307) 777-5034
Attorney for Respondent

## CERTIFICATE REGARDING ELECTRONIC FILING

I, Leda M. Pojman, hereby certify that the foregoing **MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** was served electronically via the United States District Court Electronic Filing System, and via first class mail, postage prepaid, this 21st day of September, 2011, as follows:

Joseph Lucindo Lopez #25848
WMCI
7076 Rd., 55F
Torrington, WY   82240

The undersigned also certifies that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in digital form or scanned .pdf is an exact copy of the written document filed with the Clerk, and that the document has been scanned for viruses and is free of viruses.

/s/Leda M. Pojman
Wyoming Attorney General's Office